J-S67015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: EMIL SFEDU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: EMIL SFEDU | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3847 EDA 2016 |

Appeal from the Order Dated October 20, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-MD-0004757-2016

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED NOVEMBER 17, 2017**

Emil Sfedu, Appellant, appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his petition for review of his private criminal complaint.  We affirm.

The lower court sets forth the underlying facts and procedural history:

Petitioner [hereinafter "Appellant"] filed a Private Criminal Complaint ("PCC") with the Philadelphia District Attorney's Office against [his brother] George Sfedu for, *inter alia*, Theft by Deception.  The basis for Appellant's allegation is that George Sfedu received unclaimed property [not included within their father's estate] in the amounts of $3,184.48 and $548.91, half of which was allegedly required to be distributed to Appellant.  Further, Appellant alleged that George Sfedu violated the following statutes:  20 Pa.C.S.A. § 3101(e)(1), (2) and (3)—Payments to family and funeral directors—Unclaimed Property; 18 Pa.C.S.A. § 3922, Theft by Deception; 18 Pa.C.S.A § 3921, Theft by Unlawful Taking; 18 Pa.C.S.A. § 3927, Theft by Failure to Make Required Disposition of Funds Received; and 18 Pa.C.S.A. § 3924, Theft by Property Lost, Mislaid or Delivered by Mistake.

---

\*   Former Justice specially assigned to the Superior Court.

In support of his PCC, Appellant alleged that he was the executor of his parents' estate and distributed the estate proceeds pursuant to their will, which bequeathed an equitable division between Appellant and George Sfedu. Appellant claimed that, unbeknownst to him, George Sfedu contacted the Pennsylvania Treasury's Bureau of Unclaimed Property and submitted a claim on behalf of Appellant's parents. Appellant asserted that George Sfedu executed a document, a copy of which was attached to his petition, indicating that Appellant was also entitled to claim the property. However, Appellant asserts that George Sfedu never made this distribution to him. Appellant then filed the PCC at issue in this appeal.

The Philadelphia District Attorney's Office declined to adopt the PCC and prosecute George Sfedu. Appellant, through the District Attorney's Office's internal procedures, requested a review/appeal of the PCC, which was again declined. Appellant appealed this decision, which was reviewed and denied by the Municipal Court, on August 15, 2016. Appellant then appealed that decision to [the Court of Common Pleas.]

Trial Court Opinion, filed February 13, 2017, at 1-2.

By Order of October 20, 2016, the lower court denied Appellant's petition, determining that Appellant failed to establish as a matter of law that George Sfedu acted intentionally, knowingly, or recklessly with respect to the property. This timely appeal followed.

Appellant presents the following question for our review:

DID THE COMMONWEALTH ABUSE ITS DISCRETION BY DISALLOWING EMIL SFEDU'S PRIVATE CRIMINAL COMPLAINT WITHOUT ARTICULATING ANY VALID POLICY REASONS FOR DOING SO?

Appellant's brief at 5.

Our standard of review for a trial court's denial of review of the Commonwealth's approval or disapproval of a private criminal complaint is well-settled:

- 2 -

Consistent with established Pennsylvania law in general, we now hold that when the district attorney disapproves a private criminal complaint **solely** on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

When the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one…. [T]he private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. *See Commonwealth v. Hunt*, 858 A.2d 1234 (Pa.Super. 2004) (*en banc*) (citing *Commonwealth v. Jones*, 826 A.2d 900, 907 (Pa.Super. 2003) (*en banc*)) (stating: "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused"). *See also Commonwealth v. Ruby*, 838 A.2d 786 (Pa.Super. 2003).

The district attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. *See* [*Commonwealth v.*] *McGinley*, [673 A.2d 343 (1996) (*en banc*) (plurality)]. The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*In re Wilson*, 879 A.2d 199, 214-215 (Pa.Super. 2005) (*en banc*).

At the October 6, 2016 hearing on Appellant's motion, both Appellant and the trial court agreed that if Appellant's case implicated any of the above-cited offenses alleged it was 18 Pa.C.S.A. § 3927, Theft By Failure to Make Required Disposition of Funds Received. N.T. 10/6/16 at 9-10. Section 3927 provides as follows:

**§ 3927.  Theft by failure to make required disposition of funds received**

(a)  Offfense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S.A. 3927.

The trial court determined that even if the district attorney disapproved Appellant's complaint for strictly legal reasons,[1] the allegations against George Sfedu failed to establish a *prima facie* case of a Section 3927 offense, as was Appellant's burden from the outset. This was so, opined the court, where nowhere in either the complaint or at the hearing did Appellant address how George Sfedu intentionally, knowingly, or recklessly failed to make the required payments or disposition of the property.

Indeed, the court observed, George Sfedu acknowledged on the claim form that Appellant was entitled to a share of the unclaimed property, and Appellant never alleged that he asked for the money or that George Sfedu

---

[1] We note, additionally, that both parties and the court acknowledged, at the hearing, a policy component to the district attorney's explanation for disapproving Appellant's private criminal complaint. Specifically, the district attorney's office advised the court of its position that a family matter involving an allegedly improper distribution of a decedent's property was more a civil law concern better left to the orphan's court, where Appellant could appropriately seek redress. N.T. 10/6/16 at 6-7, 13-14, 15.

Given the familial nature of the dispute and the availability of a civil remedy, the district attorney's position reflected the exercise of sound discretion, even if the alleged facts could have made out a *prima facie* case under Section 3927. **See In re Wilson**, 879 A.2d at 211-212 (recognizing district attorney not obligated to bring private criminal complaint simply because facts recited in complaint make out *prima facie* case, and may exercise sound discretion to refrain from prosecution in good faith belief that prosecution would not serve best interests of state). The trial court, therefore, could have properly applied a deferential abuse of discretion standard of review to the district attorney's decision. In turn, our appellate review of the trial court's decision would also be for abuse of discretion, which we would find to be absent for the foregoing reasons.

refused the request. "[A]ppellant's only contention is that he did not receive the money. There are many possible reasons that this occurred, and Appellant has not, even at a *prima facie* level, established the criminal intent required to meet the elements in the statute." Trial Court Opinion, at 4-5.

We discern no error of law with the trial court's assessment of the sufficiency of Appellant's case under Section 3927, supported as it was by the court's thorough inquiry undertaken at the October 6, 2016, hearing on Appellant's motion. Accordingly, we affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017